IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICHARD PETERSON, ) | |
|     PLAINTIFF, ) | |
| ) | |
| vs. ) | Case No: 2:06CV110-VPM |
| ) | |
| TOWN OF CLAYTON, ALABAMA, ) | |
|     DEFENDANT. ) | |

**MOTION TO DISMISS OR, IN THE ALTERNATIVE,
MOTION FOR MORE DEFINITE STATEMENT**

Comes now the Town of Clayton and, pursuant to Rules 12(b)(6) and 12(e) of the Federal Rules of Civil Procedure, makes this motion to dismiss or, in the alternative, motion for more definite statement. In support of said motion, the defendant says as follows:

1. Plaintiff's Complaint is three pages long with fourteen paragraphs.

2. The Plaintiff claims that his claim is brought pursuant to 42 USC §1981, 42USC §1983, and 42 USC 2000e.

3. The "Statement of Allegations" contains five paragraphs. (Complaint Paragraphs 4-8)

4. The "Statement of Allegations" reads as follows:

    "4.    *Plaintiff is a black male and resident of the Middle District of Alabama living in Bullock County and over the age of 19 years;*

    5.    *Plaintiff is a certified police officer and was assistant Chief of Police with the Defendant's Police Department until his termination in 2005;*

    6.    *Plaintiff worked a second job as did white officers;*

> *7.     Plaintiff requested that his shift hours accommodate his second job as was white officers;*
>
> *8.     Plaintiff was terminated on May 9, 2005 allegedly for tardiness and insubordination after he complained that the Defendant's conduct was motivated by race."*

5.     Of particular importance is paragraph eight of the complaint.

    A.     This paragraph claims that the plaintiff was terminated "after he complained" about the Defendant's conduct.

    B.     Other than a vague and conclusory statement that this alleged "conduct" was "motivated by race," there is no description of this alleged conduct.

6.     Taking the complaint as a whole, there appears to be only one cause of action.

7.     It is unclear, however, to which theory of discrimination the Defendant must frame a responsive pleading.

8.     It is unclear whether the Plaintiff is claiming disparate treatment, retaliation, or some other theory.

9.     As it is currently drafted, the complaint fails to state a claim for which relief can be granted. There is no description of the "defendant's conduct" other than a conclusory allegation that it was "motivated by race."

"[C]onclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal for failure to state a claim." Day v. Taylor, 400 F.3d 1272, 1277 (11th Cir. 2005) (citations omitted)

For the above reasons, the Defendant respectfully moves this Honorable Court to dismiss the Plaintiff's Complaint. In the alternative, the Defendant respectfully moves this Honorable

Court to issue an order requiring the Plaintiff to provide a more definite statement of the claims being made against the Defendant.

    13.    The specific details the Defendant desires are as follows:

    A.    A more definite statement of the Plaintiff's specific claims or causes of actions, numbered so that each can be responded to in order.

    B.    A more definite statement of the Defendant's alleged conduct based on race.

    C.    A more definite statement of the "complaint" regarding same allegations made by the Plaintiff.

Respectfully submitted this the 28th day of March, 2006.

    /s/ R. Todd Derrick
    R. Todd Derrick (DER006)

OF COUNSEL:
COBB, SHEALY, CRUM & DERRICK, P.A.
Post Office Box 6346
Dothan, Alabama 36302
(334) 677-3000
(334) 677-0030

## CERTIFICATE OF SERVICE

I hereby certify that I have this day mailed a copy of the foregoing properly addressed and postage prepaid to the following:

Malcolm R. Newman, Esquire
Post Office Box 6137
Dothan, Alabama 36302

This the 28th day of March, 2006.

    /s/ R. Todd Derrick
    R. Todd Derrick (DER006)