IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICHARD PETERSON,   )<br>    PLAINTIFF,        )<br>                     )<br>vs.                  )<br>                     )<br>TOWN OF CLAYTON, ALABAMA, )<br>    DEFENDANT.       ) | Case No: 2:06CV110-VPM |

**DEFENDANT'S REPLY**
**PURSUANT TO THE COURT'S ORDER OF MARCH 31, 2006**

Comes now the Town of Clayton and, pursuant the Court's Order of March 31, 2006, offers the following Reply:

1. On March 28, 2006, the defendant filed a "Motion To Dismiss Or, In The Alternative, Motion For More Definite Statement."

2. On March 31, 2006, the Court Ordered plaintiff to respond to the Motion to Dismiss on or before April 28, 2006 and ordered that the defendant may file a reply to the plaintiff's response on or before May 12, 2006.

3. On April 18, 2006, the Court granted defendant's Motion for More Definite Statement. The Court found that the complaint sounded in retaliation, and the Court further ordered that in his response the plaintiff was to, among other things, "clarify whether his claim is limited to retaliation, or whether he intended - in lieu of retaliation or in addition to retaliation - to assert a separate termination claim based on race."

4. On April 27, 2006, the plaintiff filed his "Response to Motion for More Definite Statement."

    5.      The plaintiff <u>did</u> state that he intended to claim both termination and retaliation based on race.

    6.      The plaintiff <u>did not</u> specifically respond to the issues related to the Motion to Dismiss. (There is no description of the defendant's conduct other than a conclusory allegation that it was motivated by race. "[C]onclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal for failure to state a claim." <u>Day v. Taylor</u>, 400 F.3d 1272, 1277 (11th Cir. 2005) (citations omitted)).

    7.      The plaintiff <u>did not</u> replead his complaint.

    8.      "Separate, discrete causes of action should be pled in separate counts." <u>Cesnik v. Edgewood Baptist Church</u>, 88 F.3d 902, 905 (11th Cir. 1996).

Respectfully submitted this the 9th day of May, 2006.

                                                          /s/ R. Todd Derrick  
                                                         R. Todd Derrick (DER006)

OF COUNSEL:  
COBB, SHEALY, CRUM & DERRICK, P.A.  
Post Office Box 6346  
Dothan, Alabama 36302  
(334) 677-3000  
(334) 677-0030

## CERTIFICATE OF SERVICE

I hereby certify that I have this day, I electronically served a copy of this document upon:

Malcolm R. Newman, Esquire  
Post Office Box 6137  
Dothan, Alabama 36302

This the 9th day of May, 2006.

                                                          /s/ R. Todd Derrick  
                                                          R. Todd Derrick (DER006)