**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **RICHARD PETERSON,** | ) | |
|     **PLAINTIFF,** | ) | |
| | ) | |
| vs. | ) | Case No: 2:06CV110-VPM |
| | ) | |
| **TOWN OF CLAYTON, ALABAMA,** | ) | |
|     **DEFENDANT.** | ) | |

## ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant in the above-styled cause and for answer to the Plaintiff's Complaint says as follows:

1. To the extent this paragraph contains any allegation of deprivation of rights or wrongdoing on the part of the Defendant, the Defendant denies same and demands strict proof thereof.

2. For lack of information, the Defendant neither admits nor denies Paragraph Two of Plaintiff's Complaint.

3. The Defendant denies the allegations as set forth in Paragraph Three of the Plaintiff's Complaint, and demands strict proof thereof.

4. For lack of information, the Defendant neither admits nor denies Paragraph Four of Plaintiff's Complaint.

5. For lack of information, the Defendant neither admits nor denies Paragraph Five of Plaintiff's Complaint.

6. The Defendant admits that the Plaintiff worked a second job. The Defendant denies that the Plaintiff's employment situation was the same or similar of that of other white officers.

7. As phrased, the Defendant denies the allegations as set forth in Paragraph Seven of the Plaintiff's Complaint, and demands strict proof thereof.

8. The Defendant denies the allegations as set forth in Paragraph Eight of the Plaintiff's Complaint, and demands strict proof thereof.

9. The Defendant denies the Plaintiff's allegation of race discrimination.

10. The Defendant denies the allegations as set forth in Paragraph Ten of the Plaintiff's Complaint, and demands strict proof thereof.

13. The Defendant denies the allegations as set forth in Paragraph Thirteen of the Plaintiff's Complaint, and demands strict proof thereof.

14. The Defendant denies the allegations as set forth in Paragraph Fourteen of the Plaintiff's Complaint, and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1. There is a lack of any casual connection between the alleged wrongdoings and the Town of Clayton and the Plaintiff's injuries or damages.

2. The Defendant asserts that any adverse employment action against the Plaintiff was taken based upon legitimate, non-discriminatory reasons that had nothing to do with race, and that Richard Peterson was treated fairly, as were all others similarly situated, regardless of their race.

3. The Defendant asserts that Plaintiff has failed to mitigate his damages.

4. The Defendant asserts that all claims by the Plaintiff which are outside the scope of his EEOC charges, or which are brought on a basis not alleged in said charges, should be dismissed.

5. The Defendant asserts the applicable statute of limitations.

6. The Defendant asserts the defense of collateral estoppel / *res judicata*.

7. The Town of Clayton asserts that no official municipal policy resulted in any alleged discrimination.

8. Even if the Plaintiff were to establish that an impermissible factor entered into any employment decision or action concerning the Plaintiff, the Defendant would show that the decision would have been made in the absence of any such impermissible factor and, as a result, Defendant is entitled to limitations on relief set forth at 42 U.S.C. §2000 e-g(B).

9. The Plaintiff's Complaint fails to state a claim upon which compensatory or punitive damages are recoverable as there is no evidence or allegations which arguably prove intentional discrimination.

10. Punitive and compensatory damages are not available to this Plaintiff on his claim because said damages are not available under 42 U.S.C. §1981(a)(1).

11. To the extent the Plaintiff's Complaint may be deemed to contain state law claims, the Defendant asserts the defense afforded under §11-47-23 and §11-47-192, Code of Alabama (1975).

12. To the extent the Plaintiff's Complaint may be deemed to contain state law claims, the Defendant asserts the protection afforded by §11-93-1 through §11-93-3, Code of Alabama (1975).

13. The Defendant affirmatively states that the Complaint fails to state a claim of cause of action upon which relief may be granted.

14. The Defendant affirmatively states that punitive damages cannot be returned against the Defendant.

15. The Defendant affirmatively states that the allegations of the Complaint do not constitute a custom and practice of the Town of Clayton.

16. The Defendant asserts the affirmative defense of failure to exhaust all administrative remedies.

17. The Defendant affirmatively states that no decisions made by the Defendant were based upon the Plaintiff's race.

18. The Defendant affirmative states that Plaintiff failed to act in good faith.

19. Defendant alleges that the Complaint fails to state facts sufficient to constitute any cause of action or set forth any claim upon which relief can be granted.

20. Defendant alleges that the Plaintiffs have failed to exhaust their administrative remedies.

21. Defendant alleges that the Plaintiffs have failed to allege facts sufficient to state a claim for punitive damages.

22. Defendant alleges that any actions taken concerning the Plaintiffs were done for legitimate, and nondiscriminatory, business reasons.

23. Defendant took reasonable steps to prevent retaliation, discrimination and/or harassment from occurring.

24. Defendant alleges that assuming arguendo, retaliation, discrimination and/or harassment occurred, Defendant did not know, nor should they have known, of the allegedly discriminatory and/or harassing conduct.

25. Defendant alleges that it exercised reasonable care to prevent and promptly correct any harassing, discriminatory, and/or retaliatory behavior and that the Plaintiffs

unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant.

26. Plaintiff is time-barred from asserting his claims.

27. Plaintiff has failed to establish a claim of discrimination.

28. Plaintiff has failed to establish a claim of retaliation.

29. The Defendant reserves the right to add additional affirmative defenses should additional facts be found during discovery.

30. The Plaintiff's conduct hindered or thwarted the efforts of the Defendant to carry out the terms of employment or provide Plaintiff with the terms and conditions of employment he ostensibly sought to pursue. The Plaintiff's own conduct hindered or thwarted the efforts of the Defendant to carry out and provide the due process that was sought to be provided to Plaintiff.

31. There is a lack of any casual connection between the alleged wrongdoings of the Defendant and the Plaintiff's injuries or damages.

32. The Defendant asserts that any adverse employment action against the Plaintiff was taken based upon legitimate, non-discriminatory reasons that had nothing to do with race, and that Plaintiff was treated fairly, as were all others similarly situated, regardless of their race.

33. The Defendant denies that the Plaintiff can prove a *prima facie* case of discrimination under the facts and circumstances involved with the Plaintiff's employment.

34. The Defendant asserts that all claims by the Plaintiff which are outside the scope of his EEOC charges, or which are brought on a basis not alleged in said charges, should be dismissed.

35. The Plaintiff himself was guilty of conduct - negligent or otherwise - which proximately contributed to cause his alleged damage and injuries.

36. The Defendant asserts that the Plaintiff failed to utilize appropriate grievance procedures.

37. The Defendant asserts the Plaintiff is not entitled to any injunctive relief, and, instead, he should be equitably estopped due to his own conduct from asserting any rights of recovery against the Defendant.

38. The Defendant pleads the doctrine of unclean hands.

39. The Defendant asserts that no official municipal policy resulted in any alleged discrimination as set forth by Plaintiff.

40. Even if the Plaintiff were to establish that in impermissible factor entered into any employment decision or action concerning the Plaintiff, the Defendant would show that the decision would have been made in the absence of any such impermissible factor and, as a result, Defendant is entitled to limitations on relief set forth at 42 U.S.C. §2000 e-g(B).

41. Defendant affirmatively states that the Plaintiff's complaint is not timely filed in accordance with Plaintiff's "Right to Sue" letter.

Respectfully submitted this the 8th day of June, 2006.

/s/ R. Todd Derrick
R. Todd Derrick (DER006)

OF COUNSEL:
COBB, SHEALY, CRUM & DERRICK, P.A.
Post Office Box 6346
Dothan, Alabama 36302
(334) 677-3000
(334) 677-0030

<u>CERTIFICATE OF SERVICE</u>

     I hereby certify that I have this day, electronically served a copy of this document upon:

Malcolm R. Newman, Esquire
Post Office Box 6137
Dothan, Alabama 36302

     This the 8th day of June, 2006.

                                    <u>/s/ R. Todd Derrick</u>
                                    R. Todd Derrick (DER006)