IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RICHARD PETERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:06CV110-VPM |
| | ) | [WO] |
| TOWN OF CLAYTON, ALABAMA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON MOTION

On 29 September 2006, the defendant filed a Motion to Compel Deposition and Motion to Extend Deadline (Doc. # 21).  Upon consideration of the motions, and for good cause, it it is hereby

ORDERED that the motion be DENIED pursuant to the Federal Rules of Civil Procedure 26(c) and 37(a)(2)(B), ¶5 of the General Order of this court entered on 22 November 1993, and for other good cause.

The applicable provisions of this court's General Order reads as follows:

> the court will not consider any motion relating to discovery, such as a motion to compel or a motion for protective order, unless the motion is accompanied by a written certification that the moving party has made a reasonable good-faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

Federal Rules of Civil Procedure 26(c) and 37(a)(2)(B), as amended on December 1, 1993, require litigants to seek to resolve discovery disputes by a good faith *conference* before seeking court intervention.  Discovery motions filed pursuant to these Rules *must be accompanied by a certification* that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.  This court has interpreted the requirement to confer as a requirement that the parties conduct an in-person conference to facilitate

a good faith effort to settle the dispute. The requirement of an in-person conference is especially applicable in the instant case, inasmuch as counsel for the plaintiff and the defendant maintain their principal offices in the same city.

The court is also mindful that the parties have been authorized to engage in discovery, including the taking of depositions, since the entry of the scheduling order on 1 June 2006 (Doc. # 17). That the defendant delayed his effort to schedule a deposition for 3 ½ months - or until a mere six weeks before the motions deadline - does not bode well for the defendant's efforts to secure discovery. The same judgment would, of course, be applicable to the plaintiff if he filed a motion seeking to compel discovery under the same circumstances. In any case, the parties are strongly urged to seek a mutual agreement on setting dates for the deposition.

DONE this 2nd day of October, 2006.

/s/ Vanzetta Penn McPherson  
VANZETTA PENN MCPHERSON  
UNITED STATES MAGISTRATE JUDGE

Case 2:06-cv-00110-WC    Document 22    Filed 10/02/2006    Page 3 of 3