# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICHARD PETERSON,<br>    PLAINTIFF, | )<br>)<br>) |
| vs. | )   Case No:  2:06CV110-VPM<br>) |
| TOWN OF CLAYTON, ALABAMA,<br>    DEFENDANT, | )<br>) |

## AFFIDAVIT OF SHUG ROWLAND

Comes now the affiant, under oath, and says as follows:

1.   My name is Shug Rowland. The following statements are based upon my own personal knowledge.

2.   I have reviewed the affidavit of THOMAS KILLINGSWORTH and I agree that the documents attached to his affidavit are true and accurate copies of the documents they are stated to be. They are incorporated by reference into this affidavit.

3.   In 2004, I was elected mayor of Clayton. After taking office, I studied the scheduling of the police force and decided that the town would be better served by changing from twelve-hour shifts to eight-hour shifts. The shifts were as follows: (1)7:00 a.m. to 3:00 p.m.; (2) 3:00 p.m. to 11:00 p.m.; (3) 11:00 p.m. to 7:00 a.m.

4.   At the time, there were three fulltime police officers working for the Town of Clayton. Police Chief Jamie Williams' shift was the 7:00

a.m. to 3:00 p.m. Assistant Chief Peterson's shift was the 3:00 p.m. to 11:00 p.m. Officer Lightner's shift was the 11:00 p.m. to 7:00 a.m. shift.

5. Richard Peterson started work in Montgomery, Alabama, after I made the shift changes.

6. After starting his new job in Montgomery Assistant Chief Peterson rarely got to work on time for the Town of Clayton, particularly during the Monday through Friday workweek. There are only thirty (30) days between December 10, 2004 and April 12, 2005 that he reported to work on time. During this time frame, Peterson was late to work over 68% of the time. During the workweek (Monday – Friday), Assistant Chief Peterson only got to work on time eight (8) days during this time period.

7. I recognized that Assistant Chief Peterson was not getting to work on time and tried to discuss this problem with him. I suggested to Assistant Chief Peterson that he needed to choose one fulltime job over the other, but it was important that he report to work on time.

8. As it became obvious that Assistant Chief Peterson's tardiness was going to continue, I asked Peterson to attend a council meeting so the matter could be further discussed. He simply did not attend the meeting. I considered (1) the fact that he ignored my request to attend the council meeting and (2) the fact that he was making no apparent effort to get to work on time during the Monday through Friday

workweek, despite my efforts to address this problem with him, to be insubordination.

9. After Peterson's complete disinclination to report to work on time during the work week (Monday through Friday) became clear and after he refused to attend the meeting as requested, I felt I was left with no reasonable alternative other than to terminate Mr. Peterson. He was given notice of a determination hearing that was to be held Tuesday, May 3, 2005. He waived his right to attend the hearing. He was given notice of termination. Peterson appealed his termination. There was a hearing before the Town Council. The termination was upheld by the Town Council on May 19, 2005.

10. At the time of Peterson's termination, there were three fulltime police officers. Two of the officers were black. The one white officer was Chief Jamie Williams. He was terminated a few weeks after Peterson. Robert Patrick replaced him as Chief. Chief Patrick is black.

11. While the Town of Clayton has employed part-time officers to help the town and allow the fulltime officers to have occasional days off, from the time I took office through the time of Peterson's termination, the Town had only three fulltime officers: Williams, Peterson, and Lightner. Peterson and Lightner are black.

12. Before I took office, I understand that Lightner worked full time for the Town of Clayton and worked for the Town of Hurtsboro. To

the best of my knowledge, by the time I took office and changed the police shifts back to eight-hour shifts, Lightner was no longer working for Hurtsboro.

    13.    During my tenure as mayor of the Town of Clayton:

    a.    I am aware of no police officer for the town of Clayton, other than Peterson, who had two fulltime jobs.

    b.    I am aware of no fulltime employee of Clayton who has or ever had a second, fulltime job.

    c.    I am aware of no fulltime employee of Clayton who has or ever had a second, fulltime job approximately 73 miles from Clayton. (Montgomery is approximately 73 miles from Clayton)

    d.    I am aware of no employee who worked two fulltime jobs with overlapping job schedules.

    e.    I am aware of no fulltime employee whose schedule was adjusted by the Town of Clayton to accommodate a second fulltime job.

    f.    I am aware of no employee of the Town of Clayton who has been habitually tardy for work that in any way compares to the <u>number of days</u> Peterson was tardy during the last months of his employment, from December 2004 through May of 2005. Therefore, I am aware of no employee who remained employed by the Town of Clayton who was tardy the number of times Peterson was tardy during the last months of his employment.

    g.    I am aware of no employee whose habitually tardiness in any way compared to the number of days and <u>the average number of minutes and hours</u> Peterson was tardy during the last months of his employment, from December 2004 through May of 2005. Therefore, I am aware of no employee who remained employed by the Town of Clayton who was tardy the number of days and <u>the average number of</u>

<u>minutes and hours</u> Peterson was tardy during the last months of his employment.

14. Mr. Peterson's race was not a factor in his termination. Any complaints Mr. Peterson made regarding race, or any other matter, were not factors in his termination.

15. The City of Clayton is an equal opportunity employer. It has a policy against racial discrimination in employment.

16. At the time Peterson was terminated, the only white police officer for the town was Chief Jamie Williams. A few weeks after Peterson was terminated, Chief Williams was terminated. His termination was ratified by the Town Council on June 13, 2005.

17. Following the terminations of Peterson and Williams, Clayton hired two additional police officers. One was Robert Patrick. He was hired as the Chief of Police for Clayton. Chief Patrick is black. The other officer was Aaron Grubbs. Aaron Grubbs is black. Both Patrick and Grubbs are still employed by the Town of Clayton.

Further affiant sayeth not.

Dated this the 27th day of October, 2006.

*Shug Rowland*
Shug Rowland

**STATE OF ALABAMA**    )
                        )
**COUNTY OF BARBOUR**   )

Before me, the undersigned Notary Public in and for said state and county, personally appeared Shug Rowland, who is known to me.

---

AFFIDAVIT OF SHUG ROWLAND
PAGE 5

Having been duly sworn, Shug Rowland testified that the foregoing statements are true and correct to the best of his personal knowledge.

This the 27 day of October, 2006.

[SEAL]

_____
Notary Public
My Commission Expires 7-1-09