IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RICHARD PETERSON,                     )
                                      )
        Plaintiff,                    )
                                      )
v.                                    )    CIVIL ACTION NO.  2:06cv110-VPM
                                      )
TOWN OF CLAYTON, ALABAMA,             )
                                      )
        Defendant.                    )

**ORDER**

On October 30, 2006, the defendants filed a motion for summary judgment.  (Doc. #

23).  Accordingly, it is

ORDERED that the motion for summary judgment is to be submitted on the motion,

the pleadings, and any documents or other evidence the party seeking summary judgment has

already filed or which the plaintiff may wish to file in response on or before November 21,

2006.[1]  Any documents or evidence filed after this date will not be considered by the court

except in exceptional circumstances.

In responding to a motion for summary judgment, the parties should make specific

reference to the following provisions of FED. R. CIV. P. 56(e):

> When a motion for summary judgment is made and supported as provided in
> this rule, an adverse party may not rest upon the mere allegations or denials of
> his pleading, but his response, by affidavits or as otherwise provided for in this
> rule, must set forth specific facts showing that there is a genuine issue for trial.

> A party opposing a motion for summary judgment cannot rely only on the unsworn

---

[1]This submission is without oral argument.  Should the court determine that oral argument is
necessary, a hearing date will be scheduled later.

pleadings but must oppose the motion by filing sworn affidavits that set forth specific facts which demonstrate that there is a genuine issue of material fact for trial in this case.[2]  Failure to file sworn affidavits may result in this court accepting the moving party's evidence as the truth.[3]  If documents are referred to in the opposing affidavits and have not been previously filed with the court, sworn or certified copies of those papers must be attached to the affidavits or served with them.

Failure to follow the requirements of Rule 56 regarding the proper way to oppose a motion for summary judgment may result in an order granting the motion and entry of final judgment  in favor of the moving party without further proceedings.

Done this 6th day of November, 2006.


                              /s/Charles S. Coody
                              CHARLES S. COODY
                              CHIEF UNITED STATES MAGISTRATE JUDGE

---

[2]An affidavit is a sworn statement in writing made under oath or on affirmation before a notary public or other authorized officer.  The affidavit must be made on personal knowledge, set forth such facts as would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated in the affidavit.

[3]If the party opposing the motion is unable to present, by affidavit, facts essential to justify his opposition, then he must file a sworn statement as to why he is unable to do so.