IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICHARD PETERSON, | * |
| | * |
| PLAINTIFF, | * |
| | * |
| VS. | *CASE NO.: 2:06-CV-110-VPM |
| | * |
| TOWN OF CLAYTON, | * |
| ALABAMA | * |
| | * |
| | * |
| DEFENDANT. | * |

## ANSWER TO MOTION FOR SUMMARY JUDGMENT

Comes now the Plaintiff, Richard Peterson and answers the Defendant's Motion for Summary Judgment as follows:

I.  Standard of Review

Under Rule 56(c) of the Federal Rules of Civil Procedure, Summary Judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "An issue of fact is 'genuine' if the record as a whole could lead a reasonable trier of fact to find for the nonmoving party. An issue is

'material' if it might affect the outcome of the case under the governing law." Redwing Carriers, Inc. v. Saraland Apartments, 94 F.3d 1489, 1496 (11th Cir. 1996) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it beard the ultimate burden of proof. Id. at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'deposition, answers to interrogatories, and admissions on file,' designate 'specific facts

2

showing that there is a genuine issue for trial.'" Id. at 324. To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus Co. v. Zenith Radio Corp., 475 U.S. 574, 586(1986). One the other hand, a court ruling on a motion for summary judgment must believe the evidence of the non-movant and must draw all justifiable inferences from the evidence in the non-moving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. at 255. After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c).

II.    Discussion

Richard Peterson alleges that he was not accommodated like white police officers in Clayton, Alabama with regard to shift scheduling and ultimately terminated for objecting to what he perceived to be racial discrimination. (Peterson Depo. pgs. 122-125). The Defendant's mayor is white (Peterson Depo. pgs. 256-257) and he changed the shift schedule after taking office

3

(Rowland Affidavit, pg. 1) allegedly to better serve the City of Clayton.  Nowhere is there any evidence that Clayton, Alabama was not already being well served and nothing suggests that Rowland had any particular expertise in Law Enforcement Administration.

This Court must asses the evidence addressed to this point under <u>McDonnell Douglas Corp. V. Green</u>, 411 U.S. 792 (1973) and <u>Texas Department of Community Affairs v. Burdine</u>, 450 U.S. 248 (1981).  Peterson submits that he has met his burden under <u>Green</u> and <u>Burdine</u> and that the Defendant has failed to rebut his prima facie case.  This because the Court cannot consider the unsigned Affidavit of Thomas Killingsworth and the attachments thereto.  Thus the Court is left with the Affidavit of Mayor Shug Rowland as the only response to Plaintiff's testimony.

In that Affidavit, Defendant seeks to provide a legitimate, non-discriminatory reason for Plaintiff's treatment (tardiness and insubordination).  This is mere pretextual as is easily shown through the affidavit itself.  As noted above, Rowland gives only a diaphanous reason for the shift scheduling which is the crux of the

4

litigation; Peterson would contend that <u>Combs v. Plantation Patterns</u>, 106 F. 3d 1519, 1538 (11th Cir. 1997) squarely guides this court to conclude that Rowland's testimony is not to be believed in that his act is the seminal conduct that can find no basis in the reality of Clayton's security in the Fall of 2004.

It is the Plaintiff's contention that a reasonable jury could find that the reason for Rowland's decision to change the Police schedules was non-existent and in fact pretextual, to ultimately create a work condition Peterson eventually could not manage. Again, under <u>Combs</u>' reasoning, the sheer implausibility of Rowland being competent to assess the level of police protection Clayton needed in 2004 alone is sufficient for this Court to deny the Defendant's Motion and Richard Peterson respectfully asks this Court to do just that.

          Respectfully Submitted,

          Malcolm R. Newman, Attorney, PC
          <u>/s/ Malcolm R. Newman</u>
          Malcolm R. Newman (NEW017)
          P.O. Box 6137
          Dothan, Alabama 36302
          (334)792-2132
          ASB-2826-M39M

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 21, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Todd Derrick, Esq.
Post Office Box 6346
Dothan, Alabama 36302

                                          /s/ Malcolm R. Newman
                                          Malcolm R. Newman, Esq.