IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICHARD PETERSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:06-CV-110-VPM |
| | ) |
| TOWN OF CLAYTON, ALABAMA | ) |
| | ) |
|     Defendant, | ) |
| | ) |

### MEMORANDUM OPINION AND ORDER

The plaintiff brings this action under 42 U.S.C. §§ 2000e-2(a)(1), 2000e-3(a), 1981, and 1983, alleging that he was discriminated against on account of race while employed by the defendant and fired in retaliation for complaining about discriminatory treatment. The case is now before this court on the defendant's motion for summary judgment (doc. #23, filed October 30, 2006). Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the United States Magistrate Judge (docs. #8-9, filed April 12, 2006). Upon consideration of the motion and for the following reasons, the court concludes that the motion is due to be GRANTED.

### I. JURISDICTION

The plaintiff has brought actions pursuant to federal statutes, specifically 42 U.S.C. §§ 2000e-2, 2000e-3, 1981, and 1983. The court has subject matter jurisdiction over these claims under 28 U.S.C. § 1331.

## II. DISCUSSION

The plaintiff, who is black, alleges that the defendant treated white employees better than it treated him, because it made schedule accomodations for their second jobs but not for his (compl. ¶ 7). The plaintiff also alleges that the defendant fired him in retaliation after he complained about this discriminatory treatment (compl. ¶ 8).

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." When (as here) the nonmovant bears the ultimate burden of persuasion at trial, the movant can meet the standard by submitting affirmative evidence negating an essential element of the nonmovant's claim, or by demonstrating (i.e., pointing out) that the nonmovant's evidence itself is insufficient to establish an essential element of his claim. The burden then shifts to the nonmovant to make an evidentiary showing sufficient to establish each element so challenged. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115-16 (11th Cir. 1993). To satisfy this burden, the nonmovant cannot rest on the pleadings, but must, by affidavit or other means, set forth specific facts showing that there is a genuine issue for trial. *Fed. R. Civ. P.* 56(e).

Here, the defendant has challenged several key elements of the plaintiff's case. Specifically, the defendant has challenged the existence of any similarly situated white employee who received better treatment than the plaintiff (doc. #24, p. 12-19, 39-40), that the plaintiff was qualified for his job (*id.*, p. 41), and that the plaintiff engaged in the protected

conduct described in his complaint before being discharged (*id.*, p. 20-21, 43-45).[1] The plaintiff, who bears the burden of proving these things at trial, has not offered evidence to support them, but instead has rested on his pleadings. He states that he has "met his burden" to establish a prima facie case for discrimination (doc. #27, p. 4), but has not offered or cited evidence to support this assertion.[2] Thus, under Rule 56(e) and *Fitzpatrick*, the defendant is due summary judgment.

### V. CONCLUSION

Accordingly, it is ORDERED that the defendants' motion for summary judgment be and hereby is GRANTED.

Done this 28th day of November, 2006.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] Although not required to do so under *Fitzpatrick*, the defendant has cited evidence on each of these points. Once the defendant challenges a specific element of the plaintiff's case, even without evidence, the plaintiff must establish that element with evidence, because the plaintiff bears the burden of proof. Mere argument cannot suffice.

[2] The plaintiff does say that he "alleges" discrimination and cites pages 122-125 of his own deposition (doc. #27, p. 3), which the defendant also cites. These pages contain only vague and conclusory assertions that "all the things that happened" were motivated by race, and that unspecified white employees were "allowed to work whatever shift that accomodated them" while the plaintiff was not. On the surrounding pages (doc. #23, ex. 1, p.116-21, 126-29), cited by the defendant, the plaintiff specifically denied personal knowledge of any white employee who requested and received such accomodations, and said the only basis he had for claiming discrimination was the fact that he was black (*id.* p. 129-32). The plaintiff's citation is wholly inadequate to create an issue of material fact with respect to race discrimination. *See Federal Rules of Civil Procedure*, Rule 56(e); *Pace v. Capobianco*, 283 F.3d 1275, 1278-79 (11th Cir. 2002) (testimony without personal knowledge cannot create an issue of fact for summary judgment purposes). *See also* this court's order of June 1, 2006 (doc. #18), ¶ 8 (all discussions of evidence in opposition to a summary judgment motion must cite specific portions of the evidence).

The plaintiff also cites two of the defendant's affidavits for the proposition that the defendant's mayor is white and changed police shift schedules after assuming office (doc. #27, p. 3-4), but these facts do not contribute to any prima facie case for discrimination.